UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 3:22-cv-05260-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR MAY 19, 2023 |

      This matter comes before the Court on a motion for reconsideration under Local Rule 7(h)(1). Dkt. 51. In March 2022, Plaintiff Nathen Barton, filed the instant action in Clark County Superior Court against Allstate Insurance Co., Discount Insurance Quotes, and John Does 1-10 asserting claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the parallel Washington statute concerning telephone solicitation, RCW 80.36.390(2), based upon a number of calls he allegedly received from defendants. Dkt 1. In April 2022, the case was removed to the United States District Court for the Western District of Washington. Dkt. 1.

      Mr. Barton initially stated that Discount Insurance Quotes (DIQ) was using an unregistered business name and he had thus been unable to serve them. Dkt. 12 at 8. During discovery, Mr. Barton learned that DIQ was actually "Digital Media Solutions LLC" (DMS). Dkt. 17 at 1. On November 30, 2022, Mr. Barton filed a motion to amend his complaint naming DMS as a defendant. Dkt. 17. On December 15, 2022, this Court

- 1

denied the motion without prejudice because Mr. Barton did not comply with Local Civil Rule 15 requiring him to highlight added language or strike through deleted language. Dkt. 40. On the same day, Mr. Barton filed an amended motion for leave to amend his complaint. Dkt 41. The Court did not rule on this motion.

On February 28, 2023, Mr. Barton moved to dismiss Allstate as a party with prejudice. Dkt. 48. On March 1, 2023, Mr. Barton filed a notice to withdraw his amended complaint. Dkt. 49. Plaintiff indicated that he planned to file a different amended complaint "to reflect the new status of the litigation." Dkt. 49 at 1.

On March 2, 2023, Judge Martinez dismissed Plaintiff's claims against Allstate with prejudice and closed the case. Dkt. 50. Judge Martinez explained that the "[r]emaining Defendants have not appeared or otherwise been a part of this action. It appears that they have not or cannot be served." Dkt. 50. On the same day, Mr. Barton filed the instant motion for reconsideration. Dkt. 51.

DISCUSSION

Motions for reconsideration are disfavored. *See* LCR 7(h)(1). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *See* LCR 7(h)(1).

The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Failure to comply with this subsection may be grounds for denial of the motion. LCR 7(h)(2). This standard is a "high hurdle." *Weeks v. Bayer*, 246 F.3d

1231, 1236 (9th Cir. 2001). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010).

Here, Mr. Barton does not point out any matters subject to manifest error, nor does it bring any matters to the Court's attention for the first time. Plaintiff asks the Court to reopen the case so that he can make further amendments to an amended complaint he already withdrew. Dkt. 49. Mr. Barton's reasons for reopening the case are neither new nor based on an error of the Court. Therefore, they do not meet the requirements of Local Rule 7. In any case, because the claims against DMS were dismissed *without* prejudice, Mr. Barton can file a new case against DMS.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY the Plaintiff's motion for reconsideration.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 19, 2023, as noted in the caption.

Dated this 28th day of April, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge